IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY FALLON, | No. CIV.S-06-1601 GEB DAD PS |
| | No. CIV.S-06-1664 LKK DAD PS |
| Plaintiff, | No. CIV.S-06-1680 GEB DAD PS |
| | No. CIV.S-06-1753 GEB DAD PS |
| v. | No. CIV.S-06-1789 MCE DAD PS |
| | No. CIV.S-06-1879 GEB DAD PS |
| UNITED STATES GOVERNMENT, | No. CIV.S-06-1880 FCD DAD PS |
| | No. CIV.S-06-1926 WBS DAD PS |
| Defendant. | No. CIV.S-06-1995 GEB DAD PS |
| | ORDER AND |
| _____/ | FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  These proceedings were referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  While the proceedings have not been related or consolidated pursuant to the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

1

In each of the above-listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff's complaints in these actions vary from one to three pages in length, excluding exhibits.  Most of the complaints are handwritten and only partially legible.  Each of the complaints names the same defendant, "United States Government," and are for the most part unintelligible.  In sum, the complaint in No. CIV.S-06-1664 LKK DAD PS appears to challenge the United States Supreme Court's rejection of mail sent to the court by plaintiff and prays for "five hundred trillion dollars"; the complaint in No. CIV.S-06-1680 GEB DAD PS objects to the construction of a courthouse in San Mateo County and seeks "one hundred trillion dollars"; the complaint in No. CIV.S-06-1753 GEB DAD PS apparently seeks one million dollars for property damage resulting from "a steel rod ... found in the engine pan of two cars owned by plaintiff"; the complaint in No. CIV.S-06-1789 MCE DAD PS asks that United States Magistrate Judge Gregory G. Hollows and an unidentified Assistant United States Attorney be directed to appear on plaintiff's behalf at certain court proceedings in San Mateo County; and the complaint in No. CIV.S-06-1995 GEB DAD PS seeks "five hundred trillion dollars" in connection with the "tooth loss" of teenagers.[1]  Finally, the complaints in No. CIV.S-06-1601 GEB DAD PS, No. CIV.S-06-1879 GEB DAD PS, No. CIV.S-06-1880 FCD DAD PS and No.

---

[1] In all other respects this complaint is indecipherable.

1 CIV.S-06-1926 WBS DAD PS each concern the alleged construction of an
2 underground freezer cemetery system by the United States government.
3 Those complaints seek no specific relief other than the filing of
4 plaintiff's complaints, which would purportedly create a record of
5 the alleged government-constructed cemetery system.
6      In any event, as is the case with other complaints
7 plaintiff has filed in this court over approximately the last
8 eighteen months,[2] no basis for federal jurisdiction is alleged in the
9 recently filed complaints.  The undersigned finds that the court
10 lacks subject matter jurisdiction over these actions.  <u>See</u> <u>Bell v.</u>
11 <u>Hood</u>, 327 U.S. 678, 682 (recognizing that a claim is subject to
12 dismissal for want of jurisdiction where it is "wholly insubstantial
13 and frivolous" and "so patently without merit"); <u>Hagans v. Levine</u>,
14 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of
15 jurisdiction where it is "so insubstantial, implausible, foreclosed
16 by prior decisions of this Court or otherwise completely devoid of
17 merit as not to involve a federal controversy within the jurisdiction
18 of the District Court").  <u>See</u> <u>also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221,
19 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous'
20 does not confer federal subject matter jurisdiction and may be
21 dismissed sua sponte before service of process.")(citations omitted).
22 Accordingly, the undersigned will recommend that these actions be

---

[2] These other complaints were filed in No. CIV.S-05-0509 MCE DAD PS; No. CIV.S-05-1431 LKK DAD PS; No. CIV.S-05-2132 MCE DAD PS; No. CIV.S-05-2228 MCE DAD PS; No. CIV.S-06-0416 MCE DAD PS; No. CIV.S-06-1030 LKK DAD PS; No. CIV.S-06-1292 GEB DAD PS; No. CIV.S-06-1402 GEB DAD PS; No. CIV.S-06-1492 MCE DAD PS; and No. CIV.S-06-1494 DFL DAD PS.

dismissed with prejudice for lack of subject matter jurisdiction. Based on plaintiff's history of filing obviously frivolous actions, granting leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis in the above-listed actions are granted;

2. Plaintiff again is forewarned that the continued filing of obviously frivolous actions over which this court lacks subject matter jurisdiction may result in the imposition of pre-filing sanctions; and

3. The Clerk of the Court is directed to file and serve this Order and Findings and Recommendations in each of the above-listed actions.

IT IS HEREBY RECOMMENDED that these matters be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

/////

/////

waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2006.

                    /s/ Dale A. Drozd
                    DALE A. DROZD
                    UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\fallon.various.ifp.f&r.2